UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James Becton, | ) |
|  Petitioner, | ) ) ) Case: 1:14-cv-02176 |
| v. | ) Assigned To : Unassigned ) Assign. Date : 12/22/2014 |
| United States, | ) Description: Pro Se Gen. Civil ) |
|  Respondent. | ) ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of this *pro se* action captioned "Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651(A)" and petitioner's application to proceed *in forma pauperis*. The application will be granted and the petition will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief can be granted).

Petitioner is a prisoner at the Rivers Correctional Institution in Winton, North Carolina, who is serving a sentence imposed by this Court. *See United States v. Becton*, 601 F.3d 588 (D.C. Cir. 2010). He claims that one of the federal statutes under which he was convicted, Title 21 of the United States Code, is unconstitutional because "it was not approved and certified by both parties of Congress and by the President of the United States." Pet. at 1. *See Becton*, 601 F.3d at 593 ("The jury found Becton guilty of conspiracy and ten counts of unlawful use of a telephone to facilitate the conspiracy in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.").

"[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted). Rather, such relief is available via a motion to vacate

1

sentence under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

Petitioner's appeal from the criminal court's denial of his § 2255 is pending in the Court of Appeals. *See United States v. Becton,* No. 07-cr-00131 (D.D.C. Apr. 23, 2014), ECF No. 532 (order denying motion to vacate and certificate of appealability); Not. of Appeal, ECF No. 539. Because petitioner could have presented the instant claim in those proceedings, he is not entitled to a writ of error in *coram nobis. See Chaidez v. United States,* 133 S. Ct. 1103, 1106, n.1 (2013) ("A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241) (citing *United States v. Morgan,* 346 U.S. 502, 507, 510–511 (1954)); *United States v. Hansen,* 906 F. Supp. 688, 692 (D.D.C. 1995) (in analyzing a request for a writ of error coram nobis, courts consider, among other factors, the availability of "a more usual remedy" and whether "valid reasons exist for not attacking the conviction earlier"). Consequently, this action will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: December 19, 2014

_____
United States District Judge

2